NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANCISCO A. HERRERA, | : |
| Petitioner, | : Civ. No. 16-1013 (KM) |
| v. | : |
| CHARLES GREEN, | : **MEMORANDUM AND ORDER** |
| Respondent. | : |

The petitioner, Francisco A. Herrera, is an immigration detainee currently lodged at the Essex County Correctional Facility in Newark, New Jersey. A native and citizen of the Dominican Republic, he entered the United States in 2001. After he was convicted of a drug charge, Mr. Herrera was eventually placed in immigration detention, where he has remained from March 2, 2015 to the present.

In February, 2016, Mr. Herrera filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court. He requests his release from immigration detention or that a bond hearing be ordered. On May 26, 2016, the government filed its response to the habeas petition. (*See* Dkt. No. 7) In its response, the government states that it does not object to this Court's ordering that a bond hearing take place before an Immigration Judge.

The Attorney General has the authority to detain aliens in removal proceedings before the issuance of a final order of removal. This period of detention is known as the "pre-removal" period. Detention of an alien in the pre-removal period is governed by Section 1226 of Title 8 of the United States Code. Section 1226(a) permits the Attorney General to detain or release an alien pending a decision on whether the alien is to be removed from the United States:

> On a warrant issued by the Attorney General, an alien may be
> arrested and detained pending a decision on whether the alien is to

> be removed from the United States. Except as provided in
> subsection (c) of this section and pending such decision, the
> Attorney General—
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on—
> (A) bond of at least $1,500 with security approved by, and
> containing conditions prescribed by, the Attorney General;
> (B) conditional parole; ...

8 U.S.C. § 1226(a). "Except as provided in subsection (c)" is included because, under Section 1226(c), certain criminal aliens are subject to mandatory pre-removal detention:

> The Attorney General shall take into custody any alien who—
> (A) is inadmissible by reason of having committed any offense
> covered in section 1182(a)(2) of this title,
> (B) is deportable by reason of having committed any offense
> covered in section 1227(a)(2)(a)(ii), (A)(iii), (B), (C), or (D) of this
> title,
> (C) is deportable under section 1227(a)(2)(A)(i) of this title on the
> basis of an offense for which the alien has been sentence to a term
> of imprisonment of at least 1 year, or
> (D) is inadmissible under section 1182(a)(3)(B) of this title or
> deportable under section 1227(a)(4)(B) of this title,
> when the alien is released, without regard to whether the alien is
> release on parole, supervised release, or probation, and without
> regard to whether the alien may be arrested or imprisoned again for
> the same offense.

8 U.S.C. § 1226(c)(1).

In *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir.2011), the United States Court of Appeals for the Third Circuit established a framework for analyzing the permissibility of pre-removal detention:

> [Title 8, United States Code, Section] 1226(c) contains an implicit
> limitation on reasonableness: the statute authorizes only mandatory
> detention that is reasonable in length. After that, § 1226(c) yields
> to the constitutional requirement that there be a further,
> individualized, inquiry into whether continued detention is
> necessary to carry out the statute's purpose.... Should the length of
> [an alien's] detention become unreasonable, the Government must
> justify its continued authority to detain him at a hearing at which it
> bears the burden of proof.

2

656 F.3d at 235. *Diop* did not state a specific length of pre-removal-order detention beyond which a petitioner would be entitled to a bond hearing. *See id.* at 234; *see also Carter v. Aviles*, No. 13–3607, 2014 WL 348257, at *3 (D.N.J. Jan. 30, 2014) ("[T]he Third Circuit has not set a 'universal point' when mandatory detention under § 1226(c) is unreasonable.") (citing *Leslie v. Attorney Gen.*, 678 F.3d 265, 270–71 (3d Cir.2012)); *Barcelona v. Napolitano*, No. 12–7494, 2013 WL 6188478, at *1 (D.N.J. Nov. 26, 2013) ("The Court of Appeals in *Diop* declined to adopt a rule that a hearing was required after a certain fixed amount of time in pre-removal detention.") (citation omitted). Instead, the Third Circuit noted that "[r]easonableness, by its very nature, is a fact-dependent inquiry requiring an assessment of all of the circumstances of a particular case." *Diop*, 656 F.3d at 234. A reasonableness determination "must take into account a given individual detainee's need for more or less time, as well as the exigencies of a particular case." *Id.* However, "'the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues past [certain] thresholds.'" *Chavez–Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 474 (3d Cir. 2015) (quoting *Diop*, 656 F.3d at 232, 234). Indeed, in *Chavez–Alvarez*, the Third Circuit noted with respect to the circumstances of that particular case that sometime after six months, and certainly within a year, the burden to the petitioner's liberties would outweigh any justification to detain the petitioner without a bond hearing. *See id.* at 478. A petitioner's bad faith, too, has at least the potential to influence the determination of whether a bond hearing should be ordered. *See Chavez-Alvarez*, 783 F.3d at 476 ("Because we conclude that Chavez-Alvarez did not act in bad faith, we do not need to decide here whether an alien's delay tactics should preclude a bond hearing.").

Mr. Herrera cites to *Zadvydas v. Davis*, 533 U.S. 678 (2001) to support his claim that he should be released from immigration detention. *Zadvydas*, however, interprets 8 U.S.C. §

3

1231(a)(6), which does not apply in Mr. Herrera's current, pre-removal procedural posture. Section 1231(a)(6) provides as follows:

> An alien ordered removed who is inadmissible under Section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period, and if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6). *Zadvydas* holds that Section 1231(a)(6) "limits an alien's *post*-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689 (emphasis added). Six months is a presumptively reasonable period of *post*-removal detention under Section 1231(a)(6). *See Zadvydas*, 533 U.S. at 701. Mr. Herrera, however, is not in post-removal detention. He has not yet been subjected to an order of removal, and his immigration proceedings are ongoing. Thus, he is still in *pre*-removal immigration detention. Accordingly, his invocation of *Zadvydas* is incorrect, or at least premature.

In the pre-removal context under *Diop* and *Chavez-Alvarez*, the proper relief is to order a bond hearing before the Immigration Judge, not to order the petitioner released from immigration detention. *See Morrison v. Elwood*, No. 12-4649, 2013 WL 323340, at *1 (D.N.J. Jan. 28, 2013) ("This Court's power to entertain habeas applications ensues from the narrowly-tailored mandate of 28 U.S.C. § 2241, which – with respect to the claims raised by pre-removal order alien detainee's – allows relief limited to a directive of a bond hearing.") (citing *Diop*, 656 F.3d 221).

In this case, Mr. Herrera has been detained pursuant to § 1226(c) for over fourteen months. The government concedes at this point that it would be appropriate for this Court to order that a bond hearing be held by an Immigration Judge in accord with *Chavez-Alvarez*. In

4

light of the length of time Mr. Herrera has been in immigration detention, the lack of any evidence of bad faith on Mr. Herrera's part, and the government's consent, this Court will grant the habeas petition and direct that an Immigration Judge conduct a bond hearing.

Mr. Herrera has requested that he be awarded attorney's fees in this action. Because he is proceeding *pro se*, an award of attorney's fees is not warranted. *See Beebe v. Schultz*, No. 14-1385, 2014 WL 2196767, at *2 n.8 (D.N.J. May 27, 2014) ("To the extent Plaintiff seeks attorney's fee in connection with this matter, Plaintiff's application is denied because Plaintiff is proceeding *pro se*."); *Ware v. Transport Drivers, Inc.*, 30 F. Supp. 3d 273, 274 n.5 (D. Del. 2014) ("Plaintiff currently proceeds pro se, and, therefore, attorneys fees are not recoverable.").

Accordingly, IT IS this 31st day of May, 2016,

ORDERED that the petition for writ of habeas corpus is granted; and it is further

ORDERED that an Immigration Judge shall provide petitioner with an individualized bond hearing, pursuant to 8 U.S.C. § 1226, within fourteen (14) days of the date of this Order; and it is further

ORDERED that the respondent shall report the outcome of the bond proceeding to this Court within seven (7) days after it occurs; and it is further

ORDERED that the Clerk shall serve this Memorandum Order on petitioner by regular U.S. mail; and it is further

ORDERED that the Clerk shall mark this case as closed.

KEVIN MCNULTY
United States District Judge